UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Robert and Priscilla Plumb

   v.                                 Civil No. 06-cv-278-JD
                                       Opinion No. 2007 DNH 066

Robert Lavery and New Hampshire
Cardiology Consultants, P.C.

O R D E R

Robert and Priscilla Plumb brought claims of medical malpractice, "informed consent," and loss of consortium against Dr. Robert Lavery and his employer, New Hampshire Cardiology Consultants, P.C., alleging that the treatment of Robert's atrial fibrillation was below the standard of care and caused stomach bleeding and permanent lung damage.  The defendants move to have the case referred to a screening panel pursuant to New Hampshire Revised Statutes Annotated ("RSA") chapter 519-B.  The Plumbs object, arguing that the screening panel system does not apply in federal court under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), because it is procedural, rather than substantive, and that use of the panel here would interfere with the federal jury system.

Before reaching the merits of the parties' arguments, the court notes that certain matters are not in dispute in this case.

First, the parties agree that New Hampshire law governs the plaintiffs' claims.  Second, the parties do not dispute that RSA chapter 519-B is mandatory for all medical malpractice cases brought under New Hampshire law.  Third, neither the plaintiffs nor the defendants asked to have RSA 519-B interpreted by the New Hampshire Supreme Court.

A.   Erie Doctrine

"A federal court sitting in diversity jurisdiction is obliged to apply federal procedural law and state substantive law." Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 32 (1st Cir. 2004) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965); Erie, 304 U.S. at 78).  Distinguishing between substantive and procedural law can be challenging. Correia v. Fitzgerald, 354 F.3d 47, 53 (1st Cir. 2003).  With respect to the question of a state law mandating review of medical negligence claims by screening panels, however, the First Circuit has determined that the Massachusetts screening panel statute provides a substantive rule that must be applied in federal court.  Feinstein v. Mass. Gen. Hosp., 643 F.2d 880, 885-87 (1st Cir. 1981).

To avoid the holding in Feinstein, the plaintiffs assert that language in the New Hampshire screening panel statute states

that the system is procedural.  RSA 519-B:9 provides mandatory instructions to be given to a jury considering panel findings to put the findings into an appropriate context.  Subsection I(a) requires the jury to be instructed that "[t]he panel process is a preliminary procedural step through which malpractice claims proceed."  That statement, however, does not establish that the New Hampshire screening panel process is procedural under the Erie doctrine.  Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 109 (1945).

The plaintiffs assert that "[t]he Massachusetts Screening Panel statute is very different from New Hampshire's."  Pl. Mem. at 3.  The plaintiffs provide no explanation or argument to show that material differences exist between the Massachusetts and New Hampshire statutes.  Therefore, in the absence of developed argumentation, the court will not guess at what the plaintiffs may have intended on this issue.  See Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 421 n.4 (1st Cir. 2007).

Relying on Wheeler v. Shoemaker, 78 F.R.D. 218 (D.R.I. 1978), the plaintiffs argue that requiring the New Hampshire screening panel process here would deprive this court of jurisdiction and would undermine the federal jury system.  The court in Wheeler considered those issues, along with others, and concluded that "federal interests in controlling both the

character, quality and cost of the adjudicatory process in federal court" outweighed state interests in referring federal medical liability cases to Rhode Island's medical liability mediation panel.  Id. at 229.  Consequently, the court decided not to refer the case to the Rhode Island mediation panel.  Id. at 220.

The plaintiffs in Feinstein raised the same issues in objecting to referral of their medical malpractice case to the Massachusetts screening panel.  On appeal, the First Circuit considered each of the Wheeler issues and rejected them as grounds to avoid the Massachusetts screening panel.  Feinstein, 643 F.2d at 887-89.  The First Circuit's decision in Feinstein is binding precedent in this court unless it was overturned by a subsequent decision of the Supreme Court or the circuit.  See, e.g., Eulitt ex rel. Eulitt v. Me. Dep't of Educ., 386 F.3d 344, 349 (1st Cir. 2004).  The plaintiffs point to no such changes in the law.  As is noted above, although the plaintiffs assert that the Massachusetts statute analyzed in Feinstein is "very different from New Hampshire's," they provide nothing to demonstrate that any differences in the two statutes are material to the analysis in Feinstein.

Therefore, based on Feinstein, this case will be referred to a screening panel, pursuant to RSA 519-B.  To that end, twenty

days from the date of this order, counsel for the defendants shall contact counsel for the plaintiffs as required under RSA 519-B:4,II.  Thereafter, the parties shall follow the procedures provided in RSA 519-B:4 for panel proceedings.

## Conclusion

For the foregoing reasons, the defendants' motion to refer the case to a screening panel under New Hampshire law (document no. 8) is granted.  The parties shall initiate that proceeding as provided in this order.  The case will be stayed pending the resolution of the proceedings before the screening panel.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 14, 2007

cc:   Michael A. Pignatelli, Esquire
      Gary B. Richardson, Esquire